MADISON MATTIOLI
Assistant Attorney General
Agency Legal Services Bureau
1712 Ninth Avenue
P.O. Box 201440
Helena, MT 59620-1440
Telephone: (406) 444-2026
Facsimile: (406) 444-4303
mlmattioli@mt.gov

Counsel for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| TIMOTHY RAY SADLER,<br><br>Plaintiff,<br><br>v.<br><br>DR. REES, DR. RAISER[1], BRIAN GOOTKIN, CYNTHIA WOLKEN, JIM SALMONSEN, DR. CHAPEL, JODI COZBY, REGINALD MICHAEL, WESLEY SOMOGY, ABBY MARTIN, TODD BOESE, CONNIE WINNER, NURSE REICHERT, DR. KOHUT,<br><br>Defendants. | Case No. CV 21-72-H-SHE<br><br>**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

---

[1] Defendants' names have been corrected and/or added. This is a change from Plaintiff's original filing.

## INTRODUCTION

This Court should dismiss Plaintiff Timothy Sadler's Amended Complaint (Doc. 8) because he has failed to state a claim upon which relief can be granted regarding two of his theories of liability and regarding many of his named Defendants. Additionally, the claims against medical providers must be narrowed by the statute of limitations.

## PLAINTIFF'S ALLEGATIONS

The factual substance of Plaintiff's claims is set forth in his twenty-six-page Amended Complaint lodged in this case as Document 8. However, Plaintiff also filed two affidavits supporting the Amended Complaint (Doc. 8-1 & 8-2) and no less than 11 additional affidavits (Docs 10, 11, 12, 13, 14, 17, 18, 19, 20, 23, 26) since the Amended Complaint was filed on November 1, 2021. Plaintiff has also filed documents styled as a Motions for Summary Judgment, for Accumulative Damages, to Appoint Counsel, and to Reconsider (Docs 15, 16, 21, 24) which contain factual allegations. Most of the documents include duplicative descriptions of the Plaintiff's bodily pains and problems.

In his Amended Complaint, Plaintiff alleges a federal claim, based on 42 U.S.C. §1983, against Montana state officials for "failure to treat, failure to provide surgery, conspiracy, due process, cruel and unusual punishment, failure to provide adequate pain meds, deliberate indifference." (Doc 8 at 25.)

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A claim is subject to dismissal where there is not "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

The allegations "must cross the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Detailed allegations are not required, but on the other hand, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). A plausible claim must allow the Court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A District Court, in assessing the sufficiency of a complaint, must accept all allegations of material fact "as true and construed in the light most favorable to the nonmoving party." *Johnson v. Lucent Technologies Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011).

Additionally, a court may dismiss an action pursuant to Fed. R. Civ. P. 12(b)(6) if "the running of the statute of limitations 'is apparent on the face of the complaint.'" *Blum v. Barrett Hosp. Dev. Corp.*, No. CV 16-38-BU-BMM-JCL, 2016 U.S. Dist. LEXIS 186199, at *7-8, (D. Mont. 2016) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)).

## ARGUMENT

### A.  Plaintiff's Unactionable Claims

Plaintiff offered several theories under §1983 for his claims. Two of those are not actionable and must be dismissed, leaving one claim for deliberate indifference of his medical needs under the Eighth Amendment.

### I.  Conspiracy

Plaintiff does not elaborate on his allegation of conspiracy, other than to mention it in his Amended Complaint form. The word conspiracy does not even appear in the handwritten portion of his Amended Complaint. "[B]are allegations of a conspiracy are not sufficient to state a claim." *Kelly v. U.P.S. Store*, CV 20-182-M-DLC-KLD, 2021 U.S. Dist. LEXIS 104707, at *6-7 (D. Mont. 2021) (citing *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005)).

Additionally, conspiracy claims are not properly pursued under §1983, but instead under 42 U.S.C. §1985, which is titled "conspiracy to interfere with civil rights." To prevail on a conspiracy claim under § 1985, a plaintiff "must prove (1) conspiracy, (2) for the purpose of depriving [him] of the equal protection of the

laws or equal privileges and immunities under the laws, (3) an act in furtherance of conspiracy, and (4) an injury to [him] or [his] property or a deprivation of any right or privilege of a citizen of the united States." *Id*. (citing *Grant v. Alperovich*, 993 F.Supp.2d 1356, 1362 (W.D. Wash. 2014)). Plaintiff has failed to state a claim for relief because he did not allege a claim under §1985 nor has he pled any facts that could conceivably support a conspiracy claim.

## II.   Due Process

Plaintiff has also failed to state a claim for relief for a violation of Due Process. "The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that a state shall not 'deprive any person of life, liberty, or property, without due process of law[.]' U.S. Const. Amend. XIV, § 1. The clause provides a basis for both substantive and procedural due process claims." *Poulson v. Richter*, CV 14-185-M-DLC-JCL, 2016 U.S. Dist. LEXIS 111759, at *8 (D. Mont. 2016). With respect to medical care, courts have found due process violations in the instance of the forced administration of medicine for the purpose of treating inmate's mental health. *See Washington v. Harper,* 494 U.S. 210, 227 (1990) (where the Court held "the Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will."); *see also Riggins v. Nevada,* 504 U.S. 127, 135 (1992) (the forced administration, during a defendant's trial, of antipsychotic medication

violated his Fourteenth Amendment due process rights, because the state failed to show both an 'overriding justification and a determination of medical appropriateness.')

In contrast to the due process cases where medicine was forcibly administered, Plaintiff has made a bare allegation that his due process rights were violated because treatment that he wanted was withheld. However, "[a] prison inmate has no independent constitutional right to outside medical care additional and supplemental to the medical care provided by the prison staff within the institution." *Roberts v. Spalding*, 783 F.2d 867, 870 (9th Cir. 1986) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976) (prisoners have right to adequate medical care; deliberate indifference by the prison staff to the serious medical needs of inmates constitutes cruel and unusual punishment in violation of the Eighth Amendment)).

The Plaintiff has pointed to no legal authority or theory that gives him a right, as an inmate, to receive medical care at the exact time or quantity as he would like. "'A mere expectation of receiving a benefit is not enough to create a protected interest." … To claim a protected interest in a benefit, "[one] must 'have a legitimate claim of entitlement to it.'" *Roberts*, 783 F.2d at 870-71 (internal citations omitted).

Furthermore, "[p]rison officials have broad administrative and discretionary authority over the institutions they manage" and "[l]awfully incarcerated persons retain only a narrow range of protected liberty interests." *Jackson v. Lewis*, No. 92-16337, 1993 U.S. App. LEXIS 10380, at *3-4 (9th Cir. 1993), (citing *Hewitt v. Helms,* 459 U.S. 460, 467 (1983)). No legal authority gives Plaintiff a protected liberty interest in receiving medical care whenever and however he chooses. Without a protected interest, there can be no deprivation of due process. Plaintiff has failed to state a claim for relief and this Court should dismiss his due process claim(s).

Additionally, Plaintiff's due process claim should be dismissed because it is the incorrect standard under which an inmate such as Plaintiff may proceed. "[A] convicted prisoner's medical care claim arises under the Eighth Amendment to the U.S. Constitution, whereas a pretrial detainee's medical care claim arises under the Fourteenth Amendment to the U.S. Constitution." *Stevenson v. S.F. Cty. Jail Med. Servs.*, No. 17-cv-00336-SI, 2017 U.S. Dist. LEXIS 53343, at *2 (N.D. Cal. Apr. 6, 2017); *see also Edrosa v. Chau*, No. 19-cv-88-CAB-MDD, 2020 U.S. Dist. LEXIS 166698, at 13-14 (S.D.Cal. Sep. 11, 2020) (explaining the Eighth Amendment is a more explicit textual source than substantive due process) (citing *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996)). Since Plaintiff falls into the

category of a convicted prisoner, he must operate under the Eighth Amendment's framework and not the Fourteenth's.

## B. Plaintiff's Claims against specific Defendants

The remaining theory for Plaintiff's suit is that his Eighth Amendment rights were violated because prison officials acted with deliberate indifference to his medical needs. However, many of the Defendants that Plaintiff chose to name are not proper parties and should be dismissed.

To state a claim under § 1983, Plaintiff must allege facts showing: (1) violation of a right secured by the constitution and laws of the United States; and (2) the deprivation of the right by a defendant acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988) (finding that a contract physician was a state actor). Because "'vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each government official defendant, through the official's own individual actions, has violated the Constitution.'" *Quigg v. Bell*, No. CV 17-00035-GF-BMM-JTJ, 2019 U.S. Dist. LEXIS 222060, *18 (D. Mont. 2018) (quoting *Iqbal,* 556 U.S. at 676). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676. "In a § 1983 suit or a *Bivens* action--where masters do not answer for the torts of their servants--the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his

or her title notwithstanding, is only liable for his or her own misconduct." *Id.* at 677.

A plausible supervisory liability claim must allege specific facts of personal participation through knowledge of, and acquiescence in the unconstitutional conduct that is the subject of the claim. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012); *see also Leer v. Murphy,* 844 F.2d 628, 633 (9th Cir. 1988). Individual liability may be imposed only when defendants' individual conduct violates Plaintiff's rights. *Hydrick*, 669 P.3d at 942. Plaintiff has not met the burden for pleading that many of the named Defendants acted personally against him.

Neither can Plaintiff sue any of the Defendants simply because he is upset by the response (or lack of response) to a grievance. Generally, a prison official's denial of an inmate's grievance does not constitute significant participation in an alleged constitutional violation sufficient to give rise to personal liability under Section 1983. *Anderson v. Cal. Dep't of Corr.*, 2020 U.S. Dist. LEXIS 179587, at *14 (N.D. Cal. 2020). "[D]ispleasure with responses to grievances is insufficient to state a claim for a constitutional violation." *Venegas v. Sniff*, No. 5:18-cv-02293-JLS (SHK), 2020 U.S. Dist. LEXIS 90593, at *77 (C.D. Cal. Apr. 9, 2020). See also *Patterson v. Crowder,* No. CV-20-113-GF-BMM, 2021 U.S. Dist. LEXIS 89970, at *7 (D. Mont. May 11, 2021) (inmate's claims of failure to respond to

grievances and/ or slander of Plaintiff in a grievance response did "not state a claim under § 1983 and therefore should be dismissed").

## I. This Court Should Dismiss Defendant Somogy

Wesley Somogy is an attorney employed by the Montana Department of Corrections (DOC). Plaintiff identifies that Defendant Somogy received and answered informal grievances and at least one letter. Amended Complaint, ¶¶ 16, 17, 74, 99, 140; Doc. 8 at 8, 13, 16 & 20.

Plaintiff has not alleged facts showing that Defendant Somogy personally participated in the alleged deprivation of his rights. Claims based on vicarious liability are not cognizable under § 1983, and thus Plaintiff has failed to state a plausible claim against Defendant Somogy. *Quigg,* 2019 U.S. Dist. LEXIS at *18. Claims based on dissatisfaction of a response to a grievance are also not a valid basis on which to state a claim. *Patterson,* 2021 U.S. Dist. at *7. As such, this Court should dismiss him as a Defendant.

## II. This Court Should Dismiss Defendants Michael, Salmonsen, Gootkin, Wolken, and Winner.

Defendant Reginald Michael is the previous warden and Defendant Jim Salmonsen is the current warden of MSP. Plaintiff alleged that they knew about his medical conditions and did nothing to get him his requested treatment. Amended Complaint ¶¶ 15, 16, 74, 97, 99, 138, 140; Doc. 8 at 8, 13, 16 & 20. Plaintiff does not describe how Defendants Michael and/or Salmonsen knew of his condition.

Defendant Brian Gootkin is the DOC Director, and Defendant Cynthia Wolken is the Deputy Director. Defendant Connie Winner is the former Clinical Services Division Administrator for DOC. Plaintiff alleged that they also knew about his medical issues and did nothing about them but does not state *how* he knows that each Defendant knew of his medical issues. Amended Complaint, ¶¶ 42, 74, 77, 97, 99, 140, 147; Doc. 8 at 11, 13, 16, 20 & 21.

Plaintiff cannot sustain an Eighth Amendment deliberate indifference cause of action against Defendants Michael, Salmonsen, Gootkin, Wolken, or Winner on the mere basis that they supervised MSP's operations[2] or under supervisory liability or *respondeat superior*. *Iqbal*, 556 U.S. at 676; *Hydrick*, 669 P.3d at 942.

Imposition of liability against a DOC or MSP official requires an actual connection or causal link between each person's acts and the deprivation alleged to have been suffered by Plaintiff. Even reading his pleading in a favorable light, Plaintiff has failed to state a claim for which relief could be granted on his supervisory claims.

---

[2] *See Ellison v. State Wardens* No. CV 17-00045-H-DLC-JTJ (D. Mont. June 21, 2017), 2017 U.S. Dist. LEXIS 216470, at *16-19, where the Court explained Plaintiff inmate's only claim against two former wardens was "that as Wardens they are legally responsible for the operation of Montana State Prison and for the welfare of the inmates at the prison." The Court then pronounced "[t]hese allegations are insufficient to state a claim against these individuals" and dismissed the wardens from the suit.

### III. This Court Should Dismiss Defendant Boese

Defendant Todd Boese is a Registered Nurse who works as one of two Managed Care RNs for DOC. Plaintiff did not allege that Defendant Boese provided any direct care to Plaintiff. Instead, Plaintiff alleged that Defendant Boese did not satisfactorily respond to communications (letters, medical kites, and informal grievances) and did nothing to secure Plaintiff's desired medical treatment. Amended Complaint, ¶¶ 77, 99; Doc. 8 at 13 & 16.

Defendant Boese should be dismissed from this action because he has not completed any action that subjects him to liability. He did not significantly participate in Plaintiff's medical care decisions; therefore, he is not subject to personal liability. *Anderson*, 2020 U.S. Dist. LEXIS at *14. Plaintiff's dissatisfaction with Defendant Boese's grievance response is not a valid basis for a cause of action. *Patterson,* 2021 U.S. Dist. at *7. Finally, Defendant Boese is not liable under the doctrine of *respondeat superior* or vicarious liability. *Iqbal*, 556 U.S. at 676; *Hydrick*, 669 P.3d at 942.

### IV. This Court Should Dismiss Defendant Martin

Defendant Abby Martin is an MSP employee. Plaintiff alleged that in 2017, she inadequately responded to grievances that he lodged. Amended Complaint, ¶¶ 11, 15; Doc. 8 at 7-8.

Plaintiff's allegation that Defendant Martin did not satisfactorily respond to his grievances filed in 2017 is outside of the statute of limitations for a § 1983 claim. Congress has not established a statute of limitations applicable to § 1983 actions. Thus, although federal law applies to the issue of when the claim accrues, the applicable state statute of limitations and tolling rules apply. *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991); *Bd. of Regents of Univ. of St. of N.Y. v. Tomanio*, 446 U.S. 478, 484 (1980). The statute of limitations for personal injury actions applies to § 1983 claims, which in Montana is the three years as set forth in Mont. Code Ann. § 27-2-204(1). *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015).

Defendant Martin should be dismissed from this action because Plaintiff has not pled any basis for which she would be personally liable. *Patterson,* 2021 U.S. Dist. at *7. Moreover, anything she may have done in 2017 is more than three years ago and outside the statute of limitations for a §1983 suit. *Belanus*, 796 F.3d at 1025.

V.     **This Court Should Dismiss Defendant Tristan Kohut**

Defendant Tristan Kohut was a doctor at MSP. Plaintiff alleged that in 2017, Dr. Kohut "did nothing" about informal grievances that Plaintiff sent to Dr. Kohut about his neck, shoulders, and other medical complaints. Amended Complaint, ¶¶ 13, 15; Doc. 8 at 7-8. Plaintiff does not state whether Dr. Kohut even examined or

provided any medical care to Plaintiff. Plaintiff cannot hold Dr. Kohut liable under a deliberate indifference theory if Dr. Kohut was either a medical supervisor or a grievance responder. Since Plaintiff did not allege that Dr. Kohut provided direct medical care, Dr. Kohut must be dismissed from this lawsuit. *Anderson*, 2020 U.S. Dist. LEXIS at *14; *Patterson,* 2021 U.S. Dist. at *7*; Iqbal*, 556 U.S. at 676.

Furthermore, any claims that arose in 2017 are barred now by the three-year Montana statute of limitations. *See Bagley*, 923 F.2d at 760; *Belanus*, 796 F.3d at 1025. Plaintiff's only allegations against Dr. Kohut were from 2017; Plaintiff made no allegations that Dr. Kohut violated his Eighth Amendment rights in the last three years.

### VI.   This Court Should Dismiss Defendant Nurse Reicher

The State of Montana has not been able to identify a person by the name of Nurse Reicher or Nurse Reichert. Therefore, the State does not represent this Defendant and is not purporting to waive service or appear on this Defendant's behalf. While the State does not represent this unknown Defendant, the State does have an interest in seeking clarity of the remaining issues in this lawsuit. If the Plaintiff cannot identify a person to serve, the claim must fail, and the Defendant listed as "Nurse Reicher" should be removed from the caption.

## C.     Plaintiff's Claims outside the Statute of Limitations

The remaining Defendants are all medical personnel: Dr. Paul Rees, Dr. Dean Chapel, and NP Jodi Cozby.[3] These healthcare providers have all personally evaluated Plaintiff at various times.

Plaintiff states that he was transferred to Florida in November 2017 and returned to MSP on January 21, 2021. Amended Complaint, ¶¶ 14, 18; Doc. 8 at 7-8. These facts are not disputed. Plaintiff also contends that while he was an inmate in Florida, he was still "under MSP medical also to approve medical needs." (*Id*. at 8.) Defendants dispute this statement. If Plaintiff believes that he was subjected to deliberately indifferent medical treatment during his time in Florida, he must bring a suit against the Florida medical providers.[4] Consequently, Plaintiff's claims for any medical mistreatment between November 2017 and January 21, 2021, are not properly against MSP medical personnel. Plaintiff's time in Florida breaks any allegations of continuing conduct by MSP providers. Therefore, any claims against MSP personnel from Plaintiff's time at MSP in 2017 are time barred by the three-

---

[3] Dr. Raiser remains a named Defendant but is not a State employee and, therefore, not represented by undersigned counsel nor a subject of this brief.

[4] Plaintiff may have already attempted to bring a suit like this, as he has been very active in federal court and he had several cases dismissed while he was in Florida. *Sadler v. Florida,* No. 4:19cv447-MCR-HTC, 2019 U.S. Dist. LEXIS 193933, at *5 (N.D. Fla. Oct. 11, 2019) (where the Court gives a history of Plaintiff's multiple filings between Montana and Florida federal courts and specifies that one of Plaintiff's Florida cases was about conditions at the Florida State Hospital).

year statute of limitations. Plaintiff's remaining claims must be limited to the time period beginning January 21, 2021, when Plaintiff returned to Montana and MSP.

## CONCLUSION

Plaintiff's threadbare allegations under the theories of conspiracy and due process do not have a legal basis under which he may recover. His vague claims against Defendants Somogy, Michael, Salmonsen, Gootkin, Wolken, Winner, Martin, and Boese must be dismissed because none of these named Defendants were personally involved in Plaintiff's medical care and therefore, could not have been deliberately indifferent to his medical needs. Nurse Reicher has not been identified as a State employee. Of the claim he has left against MSP medical personnel, the statute of limitations bars him from pursuing anything prior to his return from Florida on January 21, 2021.

Respectfully submitted this 18th day of May 2022.

AGENCY LEGAL SERVICES BUREAU
1712 Ninth Avenue
P.O. Box 201440
Helena, MT 59620-1440

COUNSEL FOR DEFENDANTS

By: */s/ Madison Mattioli*
    MADISON MATTIOLI
    Assistant Attorney General

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), I certify that this reply brief is printed with a proportionately spaced Times New Roman text typeface of 14 points; is double-spaced except for footnotes and for quoted and indented material; and the word count calculated by Microsoft Word for Windows is 3427 words, excluding the caption, certificates of service and compliance, and if required, any tables of contents and authorities, and exhibit index.

By: <i>/s/ Madison Mattioli</i><br>
MADISON MATTIOLI<br>
Assistant Attorney General<br>
Agency Legal Services Bureau<br>
Attorney for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing document with the clerk of the court for the United States District Court for the District of Montana, using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I hereby certify that on May 18, 2022, a copy of the *Brief in Support of Defendants' Motion to Dismiss* was served on the following persons by the following means:

| | |
|---|---|
| 1, 2 | CM/ECF |
| _____ | Hand Delivery |
| _____ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1. Clerk, U.S. District Court

2. Timothy Ray Sadler
   AO #3001117
   MSP LHUI LD2
   700 Conley Lake Rd
   Deer Lodge, MT 59722

By: */s/ Madison Mattioli*
Madison Mattioli
Assistant Attorney General
Agency Legal Services Bureau
Attorney for Defendants
