# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### HELENA DIVISION

| | |
|---|---|
| TIMOTHY RAY SADLER,<br><br>          Plaintiff,<br><br>vs.<br><br>DR. REES, DR. RAISER, BRIAN<br>GOOTKIN, CYNTHIA WOLKEN, JIM<br>SALMONSEN, DR. CHAPEL, JODI<br>COZBY, REGINALD MICHAEL,<br>WESLEY SOMOGY, ABBY MARTIN,<br>TODD BOESE, CONNIE WINNER,<br>NURSE REICHERT, DR. KOHUT,<br><br>          Defendants. | CV 21-72-H-SEH<br><br><br><br>ORDER |

Pending before the Court is Plaintiff Timothy Ray Sadler's (Sadler) Motion for Reconsideration,[1] and Defendants' Motion to Dismiss.[2] Each will be addressed in turn.

## I.      Motion for Reconsideration

Sadler previously requested this Court consolidate the instant matter with five closed § 1983 cases,[3] contending that the present case and the closed cases

---

[1] Doc. 24.

[2] Doc. 29.

[3] These cases include *Sadler v. Dutton et al.*, Cause No. CV-16-83-DLC; Or. Dismissal (D. Mont. Aug. 30, 2017); *In re: Sadler*, Cause No. CV-16-99-DLC, Or. Dismissal (D. Mont. Dec. 14, 2016); *Sadler v. McCarthy et al.*, Cause No. CV-17-42-DLC, Or. Dismissal (D. Mont. Aug. 30, 2017);

were related and entangled demonstrating an ongoing denial of medical care, a refusal to pay for necessary medical procedures and a denial of due process. The Court found Sadler did not demonstrate adequate justification to reopen closed cases. The motion was denied.[4] The Court also denied Sadler's Motion for Summary Judgment without prejudice as premature.[5] Sadler's Motion to Appoint Counsel was also denied.[6]

Sadler seeks reconsideration of the Order denying consolidation, summary judgment, and counsel.[7] He did not seek leave of Court to file the Motion for Reconsideration, as required by the Local Rules of Procedure for the United States District Court for the District of Montana.[8] He is not entitled to relief. He presents no facts or law materially different from the arguments previously presented, nor does he present any newly discovered information. The motion will be denied.

---

*Sadler v. M.S.P.*, Cause No. CV-17-101-DLC, Or. Dismissal (D. Mont. March 12, 2018); and, *Sadler v. Dutton*, Cause No. CV-17-26-DLC, Or. Dismissal (D. Mont. Aug. 30, 2017).
[3] Doc. 9.
[4] Doc. 22 at 2.
[5] Doc. 22 at 2.
[6] Doc. 22 at 3.
[7] Doc. 24.
[8] *See* L. R. 7.3(a).

## II.   Motion to Dismiss

Defendants have moved to dismiss Sadler's Amended Complaint.[9] They generally allege Sadler fails to state a claim upon which relief can be granted regarding two theories of liability and relative to several of the named Defendants.[10] The motion is supported by a detailed brief.[11]

Sadler filed a response but did not address specific legal arguments raised in Defendants' motion. Instead, he generally alleges that since May 2017, beginning at the Lewis and Clark Detention Center, he has been repeatedly denied adequate medical care in violation of the Eighth Amendment.[12] He also argues his right to due process requires this Court to deny the Defendants' motion to dismiss and permit the matter to proceed to trial.[13]

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for motions to dismiss for "failure to state a claim upon which relief can be granted."[14] In considering such a motion, the court must accept as true the allegations of the complaint,[15] and construe the pleading in the light most favorable to the plaintiff.[16]

---

[9] Doc. 29.
[10] Doc. 29 at 1–2.
[11] Doc. 30.
[12] *See* Doc. 30 at 1.
[13] Doc. 30 at 2.
[14] Fed. R. Civ. P. 12(b)(6).
[15] *Erickson v. Pardus*, 551 U.S. 89 (2007).
[16] *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999).

To survive dismissal for failure to state a claim, a *pro se* complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[17] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[18] A claim upon which the court can grant relief must have facial plausibility.[19] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[20]

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.[21] In general, *pro se* pleadings are held to a less stringent standard than those drafted by lawyers.[22] The court's liberal interpretation of a *pro se* complaint, however, may not supply essential elements of the claim that were not pled.[23]

---

[17] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007).
[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[19] *Twombly*, 550 U.S. at 570.
[20] *Iqbal*, 556 U.S. at 678.
[21] *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984).
[22] *Hainers v. Kerner*, 404 U.S. 519, 520 (1972).
[23] *Ivey v. Bd. Of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## A. Unactionable Claims

Defendants argue that to the extent Sadler attempts to present claims alleging conspiracy and due process violations, both must fail. Defendants first argue that "conspiracy" does not appear in the handwritten portion of his Amended Complaint and further argue that conspiracy claims are properly pursued under 42 U.S.C. § 1985, and not § 1983.[24] Further, Defendants argue Sadler has failed to even allege the prima facie elements of a conspiracy claim.[25] The Court agrees. If the Amended Complaint is read to allege a conspiracy at play against him, it fails.

Defendants next argue Sadler does not have a protected liberty interest in receiving medical care whenever and however he chooses, and that, in the absence of such a protected interest, there can be no due process deprivation.[26] Defendants assert the proper standard under which to analyze Sadler's denial of medical care claims, as a prisoner, is under the Eighth Amendment, rather than the due process clause of the Fourteenth Amendment.

While a pretrial detainee is protected from conditions constituting punishment under the Due Process Clause of the Fourteenth Amendment, prisoners serving sentences are protected under the Cruel and Unusual Punishment Clause of

---

[24] *See* Doc. 30 at 4–5.
[25] Doc. 30 at 4–5.
[26] Doc. 30 at 6–7.

the Eighth Amendment.[27] Sadler's Due Process claims will be dismissed. The denial of medical care claims will be analyzed under the framework provided by the Eighth Amendment.

### B. Eighth Amendment Denial of Medical Care Claims

To prevail on an Eighth Amendment claim of inadequate medical care, a prisoner must show prison officials were deliberately indifferent to the prisoner's serious medical needs.[28] Deliberate indifference is established if the prison official "knows of and disregards an excessive risk to inmate health or safety."[29] Mere "difference of medical opinion is insufficient, as a matter of law, to establish deliberate indifference."[30]

To state a successful § 1983 claim, a plaintiff must (1) allege a violation of a constitutional right or federal law and (2) show that the alleged violation was committed by "a person acting under color of state law."[31] Defendants argue many of the named Defendants are not proper parties to this matter and should be

---

[27] *See, e.g., Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1971); *see also Castro v. County of Los Angeles,* 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc), *cert. denied*, 137 S. Ct. 831 (2017).
[28] *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014).
[29] *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).
[30] *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004).
[31] *West v. Atkins,* 487 U.S. 42, 49 (1988).

dismissed. Sadler failed to respond to arguments regarding individual defendants in his response to the motion to dismiss.

### i.   Defendant Somogy

Defendants identify Wesley Somogy (Somogy) as an attorney employed by the Montana Department of Corrections. In his Amended Complaint, Sadler claimed Somogy received and answered informal grievances and responded to a letter regarding his medical issues. Defendants assert Somogy should be dismissed because Sadler has failed to establish that Somogy personally participated in the alleged deprivation of his rights.[32] Defendants also assert that dissatisfaction with a response to a grievance is not a valid basis upon which to state a claim.[33]

Section 1983 imposes individual liability upon a state actor only when his or her personal conduct violates a plaintiff's constitutional rights.[34] Sadler has failed to allege sufficient facts against Somogy and fails to state a claim under §1983. Somogy will be dismissed.

---

[32] Doc. 30 at 10.
[33] Doc. 30 at 9–10, citing *Patterson v. Crowder, et al.*, Cause No. CV-20-113-GF-BMM, Or. (D. Mont. May 11, 2021) (finding, in part, that Patterson's claim of inadequate consideration of his grievances failed to state a claim under 1983).
[34] *Monell*, 436 U.S. at 691–94.

### ii.     Supervisory Defendants: Michael, Salmonsen, Gootkin, Wolken, and Winner

Reginald Michael was the prior warden of Montana State Prison (MSP). Jim Salmonsen is the current prison warden. Brian Gootkin is the director of the Montana Department of Corrections (DOC). Cynthia Wolken is the Deputy Director of the DOC. Connie Winner is the former Clinical Services Division Administrator for the DOC. Sadler attempts to place liability on these Defendants due to the supervisory role each defendant held within MSP or the DOC.

Sadler was specifically advised by this Court in its October 26, 2021, Order that Section 1983 imposes liability upon state actors only when their personal conduct violates a plaintiff's constitutional rights.[35] Section 1983 will not impose liability on a supervising officer under a *respondeat superior* theory of liability.[36] Defendants will not be held liable just because they oversee the jail, the Department of Corrections, or the State of Montana. Instead, supervising officers can be held liable under Section 1983, only if they play an affirmative part in the alleged deprivation of constitutional rights. In order to be liable, a supervising officer must personally take some action against the Plaintiff or "set in motion a

---

[35] Doc. 6 at 8–9.
[36] *Monell*, 436 U.S. at 691–94.

8

series of acts by others . . . which he knew or reasonably should have known, would cause others to inflict the constitutional injury."[37]

Sadler's amended complaint does not cure the pleading defects relative to these Defendants. There is no allegation these Defendants were personally involved in the alleged denials of Plaintiff's constitutional rights. Sadler has not adequately alleged any of the supervisory defendants engaged in personal acts directly causing him injury, has failed to establish the requisite causal link, and has failed to state a claim under 42 U.S.C. §1983 against any of the named supervisory defendants. A second amended complaint is not required. The supervisory defendants will be dismissed.

### iii.    Defendant Boese

Todd Boese (Boese) is a registered nurse (RN) and one of two managed care RNs for the DOC.[38] Defendants argue Sadler failed to allege that Boese provided any direct care and instead claimed he failed to satisfactorily respond to Sadler's communications and did not assist in securing the treatment Sadler desired.[39] Sadler does not claim Boese provided him direct care. No due process right to a

---

[37] *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal quotations omitted).
[38] *See* Doc. 30 at 12.
[39] Doc. 30 at 12.

prison grievance procedure is claimed.[40] No §1983 claim against Boese is pleaded. He will also be dismissed.

### iv.    Statute of Limitations: Martin & Dr. Kohut

Sadler alleges that in 2017, Defendant Abby Martin (Martin), an MSP employee, inadequately responded to his grievances,[41] and Dr. Tristan Kohut (Dr. Kohut), a doctor at MSP, did nothing about informal grievances and medical complaints made by Sadler.[42]

Sadler's original complaint was filed on September 23, 2021, all 42 U.S.C. §1983 accruing prior to September 23, 2018, are barred by the applicable statute of limitations.[43] The wrongful acts alleged to have been committed by Defendants Martin and Dr. Kohut occurred before September 2018, and are dismissed.

### v.    Nurse Reicher

The State of Montana has been unable to identify an individual by the name of Nurse Reicher or Nurse Reichert.[44] Therefore, it does not represent Nurse Reicher and if Sadler is unable to identify a proper individual to serve, this claim

---

[40] *See, e.g., Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

[41] *See* Doc. 30 at 12–13 (citing amended comp.).

[42] Doc. 30 at 13–14.

[43] *See Wilson v. Garcia*, 471 U.S. 261 (1985).

[44] Doc. 30 at 14.

will fail. Sadler will be provided an opportunity to attempt to name a proper
defendant, if one exists.

### vi.   Dr. Raiser

Dr. Raiser is not a state employee and, therefore, is not represented by the
State. Sadler has not sufficiently alleged Dr. Frank Raiser is a state actor. As Sadler
was previously advised, a plaintiff must allege "a violation of his constitutional
rights and show that the defendants action was taken under color of state law."[45]
The "color of law" or "state actor" requirement is "a jurisdictional requisite for a §
1983 action."[46] The question in determining whether a person is subject to suit
under § 1983 is whether the alleged infringement of federal rights is fairly
attributable to the government.[47] Traditionally, to have been acting under the color
of state law, a defendant must have exercised power possessed on account of state
law and made possible because they are cloaked with the authority of state law.[48] A
defendant need not necessarily be a state employee, but they must be "a willful
participant in joint action with the State or its agents. Private persons, jointly

---

[45] *See, e.g., Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).
[46] *West v. Atkins*, 487 U.S. 42, 46 (1988).
[47] *Pasadena Republican Club v. W. Justice Ctr.*, 985 F.3d 1161, 1167 (9th Cir. 2021).
[48] *West*, 487 U.S. at 49.

11

engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions."[49]

There is inadequate information before the Court to establish whether Dr. Raiser is a state actor. Sadler will be given an opportunity to adequately plead Dr. Raiser's status as a state actor.

### vii.    Remaining Medical Personnel Defendants: Dr. Rees, Dr. Chapel, and Nurse Practitioner Cozby

It is undisputed that in November of 2017, Sadler was transferred to Florida. He did not return to MSP until January 21, 2021.[50] He seems to believe the issues he experienced while incarcerated in Florida, should be considered by this Court in this action. Sadler may only challenge the medical care he received upon his return to MSP in January of 2021.[51] Any claims Sadler attempts to advance prior to January 21, 2021, are barred by the three-year limitations period.[52]

Accordingly, Sadler will be provided an opportunity to amend his claims against Dr. Paul Rees, Dr. Dean Chapel, and Nurse Jodi Cozby, for the time period beginning January 21, 2021.

---

[49] *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980).
[50] *See* Amd. Comp. (Doc. 8 at 7–8.)
[51] *See* Doc. 30 at 15–16.
[52] Doc. 30 at 15–16.

Based on the foregoing, the Court issues the following:

## ORDER

1. The Defendant's Motion to Dismiss (Doc. 29) is GRANTED in part, as set forth herein.

2. Sadler's claims of Conspiracy and Due Process violation are DISMISSED for failure to state a claim upon which relief may be granted.

3. Defendants Somogy, Michael, Salmonsen, Gootkin, Wolken, Boese, Martin, and Kohut are DISMISSED with prejudice.

4. Within **21 days** of this Order, Sadler may file a Second Amended Complaint relative to Defendants: Reicher, Raiser, Reese, Chapel, and Cozby. Should Sadler fail to do so, this matter will be dismissed.

5. At all times during the pendency of this action, Sadler must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a Notice of Change of Address will result in the dismissal of the action for failure to prosecute under Fed. R. Civ. P. 41(b).

DATED this _6th_ day of September, 2022.

Sam E. Haddon
United States District Judge

13